```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CALEEF SUMNER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 13-1840 (JBS-JS) |
| RYAN SCHRECK, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

CALEEF SUMNER, Plaintiff pro se
#779427
Albert C. Wagner Youth Correctional Facility
500 Ward Avenue
P.O. Box 500
Bordentown, New Jersey 08505

ROBERT P. PREUSS, ESQ.
OFFICE OF THE ATTORNEY GENERAL
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants Ryan Schreck and Christopher Coacci

**SIMANDLE, Chief Judge:**

I.   INTRODUCTION

This matter, which has been litigated for 30 months, comes before the Court on Defendants' Defendants Ryan Schreck and Christopher Coacci ("Defendants") Motion for Summary Judgment (Docket Entry 27). Pro se Plaintiff Caleef Sumner ("Plaintiff") filed an opposition to Defendants' motion (Docket Entry 29). The

motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion shall be granted.

## II.  BACKGROUND

### A. Procedural History

Plaintiff filed this complaint on March 19, 2013. (Docket Entry 1). By order dated April 17, 2013, this Court dismissed certain defendants and ordered summonses served on Defendants Schreck and Coacci. (Docket Entry 3). Defendants filed a motion for extension of time to
 answer on September 11, 2013, (Docket Entry 6), and Magistrate Judge Joel Schneider granted that motion on September 12, 2013, (Docket Entry 7). A second extension was granted on October 16, 2013, (Docket Entry 9), and Defendants filed their answer on October 28, 2013, (Docket Entry 10).

Magistrate Judge Schneider issued a scheduling order requiring any amendment to the pleadings to be filed by February 3, 2014, factual discovery to be completed by April 30, 2014, and dispositive motions to be filed by June 30, 2014. (Docket Entry 12). Defendants filed their pretrial memorandum on January 30, 2014. (Docket Entry 13). On April 30, 2014, Defendants requested an extension of the factual discovery period as Plaintiff had not responded to the interrogatories Defendants sent him or submitted his pretrial memorandum. (Docket Entry

14). They additionally sought leave to file a motion to compel. (Docket Entry 14). Judge Schneider granted both of those requests on May 29, 2014. (Docket Entry 16). He thereafter issued an amended scheduling order requiring factual discovery to conclude by July 31, 2014, dispositive motions by September 5, 2014, and the joint final pretrial order by October 15, 2014. (Docket Entry 17). On July 24, 2014, Defendants requested another extension of the discovery period as they had not had any contact with Plaintiff. (Docket Entry 19). The court denied that request. (Docket Entry 20).

On October 20, 2014, Judge Schneider issued an order to Defendants requiring an explanation as to why the joint final pretrial order had not been submitted to the Court. (Docket Entry 22). Defendants' new counsel responded that he had been unaware of the scheduling order, and that Plaintiff had never served his portion of the order on Defendants. (Docket Entry 23). He requested an additional extension of the discovery period. (Docket Entry 23). Judge Schneider denied the request, but issued an amended scheduling order. (Docket Entry 25). The amended order required the submission of the joint final pretrial order by December 15, 2014. (Docket Entry 25).

Defendants filed this motion for summary judgment on December 12, 2014. (Docket Entry 27). Plaintiff filed his opposition on December 30, 2014. (Docket Entry 29). Defendants

filed response papers on January 13, 2015, (Docket Entry 33), and Plaintiff filed an unauthorized sur-reply on February 4, 2015, (Docket Entry 34).

**B. Factual Background**

    *1.   Allegations in the Pleadings*

On February 8, 2013, Plaintiff was walking to the dining hall of the Albert C. Wagner Youth Correctional Facility ("ACW"). (Docket Entry 1-2 at 9). After passing through the metal detectors, an officer, later identified as Defendant Schreck, ordered Plaintiff out of the line. (Docket Entry 1-2 at 9). Defendant Schreck instructed Plaintiff to face the wall and place his hands on top of his head; Plaintiff complied. (Docket Entry 1-2 at 9).

While Plaintiff was standing facing the wall, Defendant Coacci, grabbed Plaintiff's arm. (Docket Entry 1-2 at 9). The officers proceeded to threaten Plaintiff and yell obscenities at him. (Docket Entry 1-2 at 9). After about two minutes of standing at the wall, Plaintiff was thrown to the ground and was kicked, stepped on, and punched in the face by Defendants Schreck and Coacci, as well as other officers who had arrived on scene. (Docket Entry 1-2 at 9). He was then "hog tied"[1] and

---

[1] *See Cruz v. City of Laramie*, 239 F.3d 1183, 1188 (10th Cir. 2001) (defining "hog-tying" as "tying of the [prisoner's] arms behind his back, binding his ankles together, securing his ankles to his wrists, and then placing him face down on the

4

carried up the stairs. (Docket Entry 1-2 at 9). Plaintiff asserted he sustained a bloody nose and shoulder and neck injuries. (Docket Entry 1-2 at 9). He requested relief in the form of $11 million and the termination of Defendants' employment. (Docket Entry 1 at 3).

   2.   *Defendants' Statement of Facts*

Defendants assert that on the date in question, February 8, 2013, they were assigned to conduct a "mess movement" of prisoners at ACW. (Docket Entry 27-2 ¶ 2). According to Defendants, "mess movements significantly increase the risk a violent incident because they involve taking a large group of prisoners out of the controlled environment of their cells and moving them en mass though the corridors of the prison." (Docket Entry 27-2 ¶ 3). Due to security concerns, "prisoners are supposed to keep their hands out of their pockets at all times and in a place where the supervising officers can see them." (Docket Entry 27-2 ¶ 4).

Defendant Schreck noticed Plaintiff had his hands in his pockets in violation of this procedure as he was moving through the hallway. (Docket Entry 27-2 ¶ 5). He ordered Plaintiff to

---

ground. . . . [W]e understand such to involve the binding of the ankles to the wrists, behind the back, with 12 inches or less of separation."); *see also Gunter v. Twp. Of Lumberton*, 535 F. App'x 144, 148 (3d Cir. 2013) (citing *Cruz*).

stand against the wall, place his hands on top of his head, and interlock his fingers. (Docket Entry 27-2 ¶ 6). He could not search Plaintiff's pockets at that time as the hallway still had other inmates present. (Docket Entry 27-1 ¶ 6). Defendant Schreck "explicitly told the plaintiff to stop moving, and that his movement would be taken as a sign of aggression." (Docket Entry 27-2 ¶ 6).

In spite of receiving that order, Plaintiff continued to move around and remove his hands from his head. (Docket Entry 27-2 ¶ 6). Defendant Schreck then reached up and held Plaintiff's hands to his head in order to control their movement. (Docket Entry 27-2 ¶ 6). He states that Plaintiff "suddenly" took his hands off of his head and began to turn. (Docket Entry 27-2 ¶ 6). "Following standard procedure, [Defendant] Coacci and I pulled [Plaintiff] to the ground." (Docket Entry 27-2 ¶ 6). Defendants called a Code 33, bringing other officers to their assistance. (Docket Entry 27-2 ¶ 6).

Defendant Schreck states that Plaintiff thereafter resisted having handcuffs placed on him. (Docket Entry 27-2 ¶ 7). The other officers assisted Defendants in placing Plaintiff in handcuffs and escorting him to a cell. (Docket Entry 27-2 ¶ 7). He denies ever punching, hitting, or using other forms of excessive force against Plaintiff, as well as seeing any other officers punch, hit, or use other force against Plaintiff.

(Docket Entry 27-2 ¶ 8). After initially refusing medical attention, Plaintiff was evaluated by a nurse and was given Tylenol and an ice pack for a swollen nose and sore shoulder and back. (Docket Entry 27-2 at 11-16).

   3.   *Plaintiff's Statement of Facts*[2]

Plaintiff asserts that it is not protocol for inmates to be pulled aside while entering the dining hall, but instead they

---

[2] Defendants assert Plaintiff has failed to file a statement of material undisputed facts with his opposition, and urge this Court to treat their facts as uncontested. (Docket Entry 33 at 6). Local Civil Rule 56.1(a) provides:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion . . . . The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Plaintiff's opposition papers do not include a separate statement of material facts. (*See generally* Docket Entry 29). The Court is inclined to interpret this rule liberally, however, as Plaintiff, who is appearing pro se, has filed some opposition that includes specific references to certain "facts" with which he disagrees. *Compare Hooks v. Schultz*, No. 07-5627 (JBS), 2010 WL 415316, at *4-5 (D.N.J. Jan. 29, 2010) (deeming Defendants' facts to be undisputed where pro se Plaintiff failed to file any response whatsoever to the summary judgment motion). The Court will therefore deems the facts that are *specifically referred* to in Plaintiff's papers to be disputed. Those material facts not addressed by Plaintiff in his papers will be deemed undisputed for summary judgment purposes. L. Civ. R. 56.1(a.)

7

are searched upon exiting in order to ensure no food is removed from the hall. (Docket Entry 29 ¶ 9). He denies lowering his hands at any point in time, (Docket Entry 29 ¶ 11). He further denies turning or acting aggressively towards any of the officers, (Docket Entry 29 ¶ 12), and resisting having the handcuffs placed on him, (Docket Entry 29 ¶ 13). He indicates the claims he had his hands in his pockets and was moving while he was facing the wall, (Docket Entry 29 ¶¶ 8, 10), are not supported by the video of the incident or by the officers' initial reports.[3] He states he was treated for shoulder injuries for months after the incident due to being "beaten and hogtied and dragged away by seven officers." (Docket Entry 29 ¶¶ 7, 13).

In an unauthorized sur-reply, L. Civ. R. 7.1(d)(6), Plaintiff specifically denied having his hands in his pockets during the mess movement. (Docket Entry 34 at 2).

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[3] Neither the video nor the reports were provided by Plaintiff. Defendants submitted the video with their response papers. Although not submitted with either the moving or opposition papers, the Court will consider the video as all parties have previously viewed the video, and Plaintiff specifically relies on the video in his opposition papers. The Court cannot consider the alleged contents of the reports as they are not part of the record. Fed. R. Civ. P. 56(c)(1)(A).

P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *See ibid.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *See id.*

The non-moving party "'need not match, item for item, each piece of evidence proffered by the movant,' "but must simply present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252). A plaintiff opposing summary judgment, such as Mr. Sumner in the present case, must come forward with admissible evidence[4] "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," no genuine issue for trial exists and summary judgment shall be granted. *Matsushita Elec. Indus. Co. v. Zenith*

---

[4] Such evidence required for opposing summary judgment may include citing to materials in the record, "including depositions, documents, electronically stored information, affidavits or stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Further, any such affidavit must be on personal knowledge and set out facts that would be admissible in evidence." Fed R. Civ. P. 56(c)(4). In other words, mere statements in a brief or memorandum are not "evidence" and do not constitute facts in opposition to a summary judgment motion.

*Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted). The Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

### A. Excessive Force

Defendants argue Plaintiff's claim of excessive force against fails as a matter of law. They assert Plaintiff has failed to show that the use of force was done maliciously, sadistically, and for the purpose of causing harm. (Docket Entry 27-4 at 8). They also argue the use of force was proportionate to the need to regain control and restore order.

As a convicted and sentenced state prisoner, Plaintiff was protected from the excessive use of force by the Eighth Amendment. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment). When reviewing an Eighth Amendment excessive force claim, the district court must determine whether the

"force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6; *Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

The factors used to determine whether force was used in "good faith" or "maliciously and sadistically," include: (1) "the need of the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Whitley,* 475 U.S. at 321. *See also Freeman v. Dep't of Corr.,* 447 F. App'x 385, 388 (3d Cir. 2011); *Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir. 2000).

There is insufficient evidence in the record for Plaintiff to establish either the objective or subjective component of his excessive force claim in a manner sufficient to survive summary judgment. In support of their motion, Defendants have submitted an affidavit by Defendant Schreck, (Docket Entry 27-2 at 6); medical records indicating Plaintiff received ice and Tylenol after initially refusing medical treatment after the use of force, (Docket Entry 27-2 at 11-13); and a video that

11

contradicts the key aspects of Plaintiff's allegations.[5] Plaintiff has submitted nothing to counteract Defendants' evidence.

In order to survive a motion for summary judgment "'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial' and do more than 'simply show that there is some metaphysical doubt as to the material facts.'" *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted)). Plaintiff cannot rely on the unsupported allegations in his complaint, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and "must present more than the 'mere existence of a scintilla of evidence' in his favor." *Shah v. Bank of Am.*, 346 F. App'x 831, 833 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). As Plaintiff has submitted *no* admissible evidence supporting his claims, let

---

[5] For example, the video shows that Plaintiff did in fact remove his hands from his head shortly before being taken to the ground by Defendants. *See* Docket Entry 33, Exhibit A at timestamp 5:34:00.306 to 5:34:20.676. It also refutes Plaintiff's unsupported assertion that he was "beaten and hogtied and dragged away by seven officers." (Docket Entry 29 ¶¶ 7, 13). The tape clearly shows Plaintiff being helped up by an officer and walking off camera under his own power. Docket Entry 33, Exhibit A at timestamp 5:35:55.183 to 5:36:03.582.

alone a scintilla of evidence,[6] Defendants are entitled to summary judgment.

The Court acknowledges Plaintiff's request for more time to engage in discovery in order to obtain materials necessary for opposition. Rule 56(d) states that the Court may delay decision on or deny a pending motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition". Fed. R. Civ. P. 56(d). The Third Circuit has long interpreted this rule to require that "a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Phila.,* 855 F.2d 136, 140–41 (3d Cir. 1988). Vague or general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient. *Hancock Indus.*

---

[6] Plaintiff argues his claim is further supported by the fact that he was found not guilty in his disciplinary hearing of assaulting an officer, and by the fact that the courtline officer determined the officers used excessive force. (Docket Entry 29 ¶ 5). As there is nothing in the record to support these claims, the Court will not consider these alleged facts. *See* Fed. R. Civ. P. 56(c)(1)(A). Likewise, the Court will not consider Plaintiff's assertion that he received medical treatment for his shoulder for months after the encounter as there is nothing in the record to support this allegation. Fed. R. Civ. P. 56(c)(1)(A).

*v. Schaeffer,* 811 F.2d 225, 230 (3d Cir.1987). The Court declines to postpone summary judgment at this time.

Even liberally interpreting Plaintiff's filing as the "affidavit or declaration" needed under Rule 56(d), he has not sufficiently addressed why he could not complete discovery within the proscribed period of time. Plaintiff filed this complaint in March 2013. (Docket Entry 1). The Magistrate Judge ordered fact discovery to conclude by April 30, 2014, (Docket Entry 12), and the discovery deadline was extended once at Defendants' request as Plaintiff had failed to answer the interrogatories they sent to him. (Docket Entries 14 and 16). A second request to extend discovery was denied by the Magistrate Judge on July 28, 2014. (Docket Entry 20). As of July 28, 2014, the Court had not received any communications from Plaintiff since the filing of the complaint.

Plaintiff claims he has not been receiving his mail in a timely fashion due to all of the mail being sent to ACW and then forwarded to his current place of confinement.[7] (Docket Entry 29 ¶ 2). According to the complaint, he was incarcerated at ACW at

---

[7] According to the State of New Jersey's Inmate Locator, *available at* https://www20.state.nj.us/DOC_Inmate/inmatefinder?i=I (last visited September 17, 2015), Plaintiff has been released.

14

the time of filing. (Docket Entry 1 at 2).[8] Plaintiff, who by his own admission did in fact receive his mail,[9] never filed a change of address as required by Local Civil Rule 10.1(a). He also has never filed any communications with the Court during the discovery period indicating that he was unable to engage in discovery. Indeed the only docketed communication from Plaintiff prior to his responses to the summary judgment motion is a letter to the magistrate judge dated November 20, 2014, after the conclusion of fact discovery. (Docket Entry 32). If Plaintiff was having difficulty with his mail or the discovery process, the time to address it was during the discovery period, not after the filing of a summary judgment motion. In any event, Plaintiff was indeed informed of all discovery deadlines, and he had ample opportunity to request any further relevant discovery during the first eighteen months of his case.

Defendants' motion for summary judgment shall be granted as Plaintiff has failed to provide sufficient evidence in support of his allegations.

---

[8] This contradicts a later letter to the magistrate judge claiming he had not been in ACW since 2012. (Docket Entry 32 at 2).

[9] Only one letter to Plaintiff was returned to the Court as undeliverable. (Docket Entry 18). Defendants' filings indicate they sent Plaintiff copies of their correspondence to the Court at East Jersey State Prison, *see, e.g.*, Docket Entries 6, 8, 13, and 23; and Northern State Prison, *see* Docket Entry 26.

**B. Qualified Immunity**

As the Court grants summary judgment to Defendants on the merits, it is unnecessary to determine whether Defendants are entitled to qualified immunity.

**V. CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is granted. An accompanying Order will be entered.

| | |
|---|---|
| **September 23, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |